IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA ABU-SAMRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 CV 9422 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| CAVALRY SPV I, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lisa Abu-Samra brings this suit against Defendant debt collector Cavalry SPV I, LLC under the venue provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i. Plaintiff alleges that Defendant violated § 1692i(a)(2) by filing a complaint against her in the First Municipal District, rather than in the Fifth District, of the Circuit Court of Cook County. Before the Court is Defendant's motion to dismiss [18] the complaint. For the reasons set forth below, the Court grants Defendant's motion with prejudice.

**I.    Background[1]**

The venue provision of the FDCPA requires a debt collector to bring any legal action against a consumer "in the judicial district or similar legal entity in which such consumer signed the contract sued upon or in which such consumer resides at the commencement of the action."

---

[1]The facts are drawn from Plaintiff's complaint [1] and from court records that Defendant attached to its memorandum—namely, a transfer order, affidavit of service, and default judgment issued by the Circuit Court of Cook County, [19], Exs. A–C. For purposes of deciding the pending motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Plaintiff's complaint, see *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007), and takes judicial notice of the contents of the court records, see *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned,'" including the contents of court records) (quoting Fed. R. Evid. 201(b)).

15 U.S.C. § 1692i(a)(2). The Seventh Circuit previously held in *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), that "the intra-county districts used to delineate the venue of small claims in Illinois's Cook County Circuit Court were not separate judicial district for purposes of § 1692i." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014). Rather, the entire county qualified as a "judicial district." *Id.* at 646. Accordingly, under *Newsom*, debt collectors could file suit against consumers living in Cook County in any municipal district in the County. On July 2, 2014, the Seventh Circuit issued its decision in *Suesz*, overruling *Newsom* and holding that § 1692i restricts debt collectors to filing complaints "in the smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Id.* at 638.

Plaintiff resides in Orland Park, Illinois, which is located in the Circuit Court of Cook County's Fifth Municipal District and served by the Bridgeview Courthouse. [1], Compl. ¶¶ 13–15. On May 28, 2014—prior to the *Suesz* decision—Defendant attempted to collect a consumer debt of $3,543.94 from Plaintiff by filing a complaint at the Daley Center Courthouse in the First District. *Id.* at ¶¶ 7–10. Plaintiff alleges that Defendant violated § 1692i by filing in the wrong venue; according to Plaintiff, Defendant should have filed its complaint at the Bridgeview Courthouse in the Fifth District. *Id.* at ¶ 26. Plaintiff further alleges that the Bridgeview Courthouse is 13 miles from her home, or a 20-minute drive, whereas the Daley Center is 32 miles away, or a 42-minute drive. *Id.* at ¶¶ 16, 17, 19, 21. In addition, to reach the Bridgeview Courthouse, Plaintiff would "merely have to drive on Will Cook Road and park in the free parking lot [there]," whereas she would have to "take Interstate 55 North, locate expensive parking for her vehicle, and make her way * * * either on foot or via taxi" to reach the Daley Center. *Id.* at ¶¶ 18, 20. Importantly, however, Plaintiff never had to make the arduous trip to the Daley Center, as she never was served with notice of the suit when the complaint was

pending at the Daley Center.

In particular, on August 28, 2014, after previously filing in the First District, Defendant transferred its collection suit to the Bridgeview Courthouse in the Fifth District in accordance with the new rule announced in *Suesz*. See [19-1], Transfer Order. Plaintiff was served with the summons and complaint thereafter on October 24, 2014. See [19-2], Affidavit of Service. On November 24, 2014, the Circuit Court in the Fifth District entered a default judgment of $3,543.94 against Plaintiff. [19-3], Order. That same day, Plaintiff filed this case against Defendant. See [1], Compl. She brings one count alleging that Defendant violated § 1692i(a)(2) by initially filing its complaint at the Daley Center in the First District, rather than at the Bridgeview Courthouse in the Fifth. *Id.* at ¶ 26. Plaintiff seeks statutory and actual damages, as well as costs and reasonable attorney fees. *Id.* at ¶ 29.

## II. Legal Standard

Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss is not to decide the merits of the case, but instead to test the sufficiency of the complaint. See *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). As noted, when reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. *Killingsworth,* 507 F.3d at 618.

To survive a Rule 12(b)(6) motion, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations also must be

sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

## III. Analysis

Defendant initially argues that the complaint should be dismissed because any FDCPA violation that it may have committed was immaterial. In its reply brief, Defendant urges the Court to find that no violation of § 1692i in fact occurred because it transferred the case to the correct district before Plaintiff was served with the complaint and summons. Defendant subsequently filed additional authority in support of that argument, without objection from Plaintiff. See [32]. For the reasons explained below, the Court concludes that Defendant did not violate § 1692i(a)(2) by merely filing its complaint in an improper municipal district and therefore dismisses the complaint.

As noted, § 1692i(a)(2) provides that a debt collector may only bring an action against a consumer in the judicial district in which the consumer signed the contract sued upon or in which the consumer resides at the commencement of the action. At issue is whether a debt collector "bring[s] [an] action," by merely filing a complaint, or, alternatively, whether that phrase requires both the filing of a complaint and service upon the consumer defendant. The Seventh

Circuit has not answered that question, but its discussion in *Suesz* suggests that the harm that § 1692i seeks to prevent cannot occur until after a debtor has been served. See 757 F.3d at 638.

Specifically, the Seventh Circuit explained that the FDCPA seeks to eliminate abusive debt collection practices by debt collectors and to protect consumer debtors against "unscrupulous methods of consumer debt collection." *Suesz*, 757 F.3d at 638–39. The venue provision of the FDCPA furthers those goals by preventing abusive forum shopping. See *id.* at 639. The *Suesz* Court explained:

> [O]ne common tactic for debt collectors is to sue in a court that is not convenient to the debtor, as this makes default more likely; or in a court perceived to be friendly to such claims; or, ideally, in a court having both of these characteristics. In short, debt collectors shop for the most advantageous forum. By imposing an inconvenient forum on a debtor who may be impecunious, unfamiliar with law and legal processes, and in no position to retain a lawyer (and even if he can afford one, the lawyer's fee is bound to exceed the debt itself), the debt collector may be able to obtain through default a remedy for a debt that the defendant doesn't actually owe.

*Id*. Importantly, a debt collector cannot obtain a default judgment against a debtor until the debtor has been served (or has otherwise waived service) and a court has exercised personal jurisdiction over the debtor. See *Dec & Aque v. Manning*, 248 Ill. App. 3d 341, 347 (1st Dist. 1993) ("A judgment's validity is dependent upon the court having both jurisdiction of the subject matter of the litigation and of the parties. Personal jurisdiction can be obtained only by service of process as provided by statute, unless it has been waived by a general appearance in the action.") (internal citation omitted).

Another court in this district recently addressed § 1692i, and, in light of the discussion in *Suesz*, concluded that a violation does not occur until service upon the consumer defendant. See Order, *Knight v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 14 CV 8169 (N.D. Ill. May 6, 2015). In *Knight*, a defendant debt collector withdrew a complaint that it had filed in the wrong

venue before the plaintiff was served. *Id.* at *3. The district court reasoned that a violation of § 1692i did not occur because the defendant had not been served. The court explained:

> The Seventh Circuit's synopsis [in *Suesz*] suggests that the major focus of the FDCPA's venue provision is to prevent debt collectors from obtaining a default judgment by filing in strategic forums where debtors are unlikely to appear. However, default judgments cannot be obtained unless and until a defendant is served with a lawsuit. This would suggest that service or notice of the lawsuit is crucial to a violation of the venue provision, as the mere filing of a complaint cannot alone lead to the danger that the provision seeks to protect—namely, a default judgment.

*Id.*

The Fifth Circuit also has addressed this issue and held that a violation of § 1692i requires filing and notice to the consumer. See *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013). The Fifth Circuit explained that "[b]ecause the harm of responding to a suit in a distant forum arises only after receiving notice of that suit, a 'violation' does not arise under § 1692i(a)(2) until such time as the alleged debtor receives notice of the suit." *Id.* The Tenth Circuit came to the same conclusion in the context of § 1692f(1), which prohibits "[t]he collection of any amount * * * unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Johnson v. Riddle* 305 F.3d 1107, 1113–14 (10th Cir. 2002) ("[W]here the plaintiff's FDCPA claim arises from the instigation of a debt collection suit * * * [and] the debt collector * * * elects to call off the process server and abandon the collection suit before the plaintiff has been served, it cannot be said that the abandoned lawsuit constitutes an 'attempt to collect' on the debt within the meaning of [§ 1692f.]"). Several district courts have followed suit. See, *e.g.*, *Orellana-Sanchez v. Pressler & Pressler, LLP*, 2015 WL 532517, at *6 (D.N.J. Feb. 6, 2015) ("It is only when the debtor receives notice of the suit that the debtor experiences harm, because the 'debtor must then respond in a distant forum or risk default.' * * * [thus] a violation does not arise under

6

§ 1692i(a)(2) until the alleged debtor receives notice of the suit and is forced to respond.") (quoting *Serna*, 732 F.3d at 445); *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, at *7 (E.D.N.Y. May 23, 2014) (holding that the statute of limitations for a plaintiff's claim based on the commencement of nonpayment proceedings in housing court did not begin to run until he was served in the housing court action). [2]

Finally, the Seventh Circuit's discussion in *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013), does not dissuade the Court from following the foregoing authority. There, in the context of §§ 1692e and 1692f,[3] the Seventh Circuit observed that:

> [F]iling a complaint may cause actual harm to the debtor: a pending legal action, even pre-service, could be a red flag to the debtor's other creditors and anyone who runs a background or credit check, including landlords and employers. The debt collector may also use the pending legal action to pressure a debtor to pay back the debt informally, without serving the complaint—precisely the type of unfair practice prohibited by the FDCPA.

736 F.3d at 1082–83 (citing § 1692e(5)) (internal quotation marks omitted). Importantly, however, the plaintiff in *Phillips* alleged that the defendant sued her after the statute of limitations on the creditor's claims had run, see *id.* at 1080, which would implicate § 1692e(5) that prohibits a debt collector from "threaten[ing] to take any action that cannot legally be taken

---

[2] As the court noted in *Knight*, some district courts in this district have interpreted the "bring such action" clause of § 1692i, and have observed that an action is brought when a lawsuit is initiated; these courts did not address the distinction between filing a complaint and service of the complaint and summons, however. See Order, *Knight*, 14-CV-8169, at *2, n. 1 (collecting cases); see also, *e.g.*, *Radcliffe v. Russel G. Winick & Assocs., P.C.*, 2015 WL 3629950, at *2 (N.D. Ill. June 9, 2015) (the filing of a wage garnishment application is not a new legal action under § 1692i(a)(2) for purposes of the statute of limitations); *Hill v. Freedman Anselmo Lindberg, LLC*, 2015 WL 2000828, at *2 (N.D. Ill. May 1, 2015) (observing that courts in this district uniformly have held that the statute of limitations on a § 1692i claim begins to run with the filing of the initial collection case, as "subsequent filings within the collection case do not constitute a 'continuing violation' of the FDCPA so as to reset the statute of limitations"); *Balik v. Blitt & Gaines, P.C.*, 2015 WL 764013, at *3 (N.D. Ill. Feb. 21, 2015) (statute of limitations begins to run at the time the collection suit in question was filed, not when a judgment was entered against the debtor by the court).

[3] Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," and § 1692f enumerates certain actions that qualify as "unfair or unconscionable means to collect or attempt to collect any debt."

7

or that is not intended to be taken." The type of harm at issue in *Phillips* was a debt collector's use of a pending legal action to "pressure a debtor to pay back the debt informally," without actually going forward with a (time barred) lawsuit. See 736 F.3d at 1083. By contrast, the venue provision of § 1692i is targeted at abusive forum shopping that increases the likelihood of unwarranted default judgments. See *Suesz*, 757 F.3d at 638–39. Because a debt collector cannot obtain a default judgment until the debtor is subject to the jurisdiction of the collection court, the harm identified in *Phillips*—which may occur by the mere filing of a complaint—is not implicated by § 1692i. See also Order, *Knight*, 14-CV-8169, at *3 (also distinguishing *Phillips*).

For the reasons explained above, the Court agrees with both the analysis and result in *Knight* and *Serna* and thus concludes that Defendant did not violate § 1692i(a)(2) by merely filing its complaint in the First Municipal District, because it never served Plaintiff with the complaint and summons when the complaint was pending there.

## IV. Conclusion

For the reasons set forth above, the Court grants Defendant's motion to dismiss [18] and dismisses Plaintiff's complaint with prejudice. The Clerk will enter a separate Rule 58 judgment and the case will now be closed.

Dated: August 5, 2015

Robert M. Dow, Jr.
United States District Judge